

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,795-01

### EX PARTE PAUL LAFAYETTE KIRKSEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR6072-B IN THE 424TH DISTRICT COURT
### LLANO COUNTY

**JOHNSON, J., filed a dissenting statement in which ALCALA, J., joined.**

## DISSENTING STATEMENT

The parties agree that applicant is entitled to relief pursuant to *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013), and the trial court found that relief should be granted. The fly in the ointment is that applicant's sentence has been discharged. This Court's long-held position on the availability of habeas relief when the actual sentence has been discharged is to deny relief unless the applicant has plead collateral consequences. The collateral consequences of a conviction as a sexual offender are severe, including limiting where one may reside, what professions one may practice, whether one may possess a firearm, and who one may associate with.

This is not a case in which applicant asserts that the trial court did not inform applicant about

possible immigration consequences or about the possible consequences of being labeled a thief and, therefore, a liar. The collateral consequences of a conviction for a sexual offense are not mere possibilities; they are set out in black-letter law. Among those clear and certain consequences are: being on a public list of sexual offenders; having to report to the police changing one's place of residence; being unable to spend time with one's minor children; being unable to go to theaters and amusement parks because of the presence of children; even being unable to attend church. Properly warned–or not–as to the consequences of a conviction, when a conviction is nullified, clearly the consequences arising from that conviction should, nay must, be nullified also. If there is no conviction, no valid collateral consequences can arise from it.

In this application, applicant's counsel failed to plead collateral consequences, and the Court therefore holds that applicant has failed to properly invoke this Court's § 11.07 jurisdiction. The result is that applicant's writ is dismissed without prejudice, but "without prejudice" means that applicant may legally file another application and raise the existence of collateral consequences in that application.

Because such a subsequent application will not be barred by § 4, judicial economy suggests that, in cases such as this one, which has clear and certain consequences, this Court should grant relief without requiring an applicant to duplicate and supplement his prior application.[1] Surely, when an applicant is clearly entitled to relief and the collateral consequences are obvious and clear, we should not waste our limited resources on two reviews when one will accomplish the correct result.

---

[1] Sexual offenses are perhaps the only class of crimes with such clear and certain collateral consequences. This Court could choose to limit granting relief without a pleading of collateral consequences to that class and any future class of offense that has clear and certain consequences that are controlled by statutes.

Filed:  November 2, 2016
Do not publish